TOWN OF WINCHESTER *v.* FRANKLIN COUNTY.

(*Nashville,* December Term, 1941.)

Opinion filed January 17, 1942.

Hayes & Green, of Winchester, for appellant.

Frank Hickerson, of Winchester, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a suit instituted by the Town of Winchester to recover from Franklin County the sum of $201.22 alleged to be due it for electric current furnished by it to the county's court house at Winchester.

The cause was heard upon bill and answer. A decree was awarded complainant for the amount sued for. It was further decreed, however, that the defendant is entitled to reasonable compensation for the use by complainant of rights of way outside its corporate limits, and a reference was ordered to the Master to report: (a) What is adequate compensation to defendant based on an annual rental basis for such rights of way, and (b) What is adequate compensation based on a purchase price of the same. From the decree defendant has appealed to this court and assigned errors.

The question for decision, on this appeal, is whether

complainant is obligated to furnish electric current to the Franklin County court house free of charge.

Complainant, it appears from the bill, operated a municipal electric light and power distribution system, under the authority of Chapter 33, Public Acts 1935, Ex Sess. This electric system was acquired by complainant, for a valuable consideration, from the Tennessee Utilities Corporation, on August 15, 1939, by deed of that date. The Tennessee Utilities Corporation, grantor, was the successor to the Tennessee Electric Power Company, which was a public utility, formerly engaged in the business of furnishing electric power in Franklin County, including Winchester.

The deed from the Tennessee Utilities Corporation to the complainant did not embrace all of the properties and franchise rights possessed by it in Franklin County, but, on the contrary, included only its properties and franchise rights within the "Winchester Area," as shown on a drawing attached to a contract between the parties. One of the provisions contained in the deed was as follows:

"*Item V.*

"*Franchises*

"The following local franchise:

"A franchise granted by Franklin County through its County Court at its July Term, 1914, to Stone Fort Power Company, and by it assigned through a series of mesne conveyances to the Tennessee Company.

"Winchester agrees to assume as of this date, or to save the Company unharmed from all obligations arising subsequent to this deed under all franchises of the Company, and the Company hereby surrenders as of this date all rights and privileges under and franchises granted by

Winchester, insofar as such franchises, and the rights, privileges, and obligations conferred or imposed thereunder relate to the electric properties and operations herein conveyed. Nothing herein shall affect the rights, privileges and obligations of the Company or any other person under any franchises insofar as they relate to properties and operations not conveyed herein.''

The franchise, referred to above, is in the form of a resolution adopted by the Quarterly County Court of Franklin County at its July Term, 1914, without limit as to duration. By the terms of this resolution, the Stone Fort Power Company, its successors and assigns, were granted the right to use the roads and streets of Franklin County for the purpose of running electric conductors for the transmission of electric energy within the limits of the county, in consideration for which the Stone Fort Power Company agreed to furnish electricity and water to the county court house.

Subsequently, the Stone Fort Power Company conveyed its franchise to the Tennessee Electric Power Company through a series of *mesne* conveyances, which company subsequently transferred it to the Tennessee Utilities Corporation, and the ''Winchester Area'' by it to complainant.

The Duck River Electric Membership Corporation acquired the remainder of the Tennessee Electric Power Company's property in Franklin County not acquired by complainant from the Tennessee Utilities Corporation.

Complainant operates its municipal power system by and through a board known as the ''Winchester Power System.'' This Board does not manufacture electricity, but buys all the electricity it distributes from the Tennessee Valley Authority pursuant to a contract entered

into on June 30, 1939, on which date the Authority wrote a letter to the County Judge of Franklin County requesting (without authority from complainant) that the Quarterly County Court grant to Winchester, complainant, and to the Duck River Electric Membership Corporation franchises for the purpose of utilizing rights of way along country roads for the construction and operation of lines purchased by complainant and the Duck River Electric Membership Corporation and pointing out that it would be most helpful if the county would grant to the aforesaid purchaser a franchise covering continuance and expansion of the present service.

At the next session of the county court, July 3, 1939, the court adopted a resolution granting to the Duck River Electric Membership Corporation the right to construct and operate electric transmission lines along and over the highways and roads of Franklin County. The ''Winchester Area'' was not excluded. The County Court of Franklin County completely ignored the request of the Tennessee Valley Authority that complainant be granted a like franchise or privilege.

Chapter 33, Public Acts 1935, Ex. Sess., authorizes any incorporated city or town in the State to construct or acquire and maintain any revenue-producing public works for its own use or for the use and benefit of its inhabitants, without gain or profit or primarily as a source of revenue, but for the promotion of the welfare and for the improvement of the health and safety of the inhabitants of the municipality.

Section 4 of the above mentioned Act (including only subsections (1) and (2) the remaining subsections being immaterial to this controversy) is as follows:

''*Additional Powers of Municipalities.* Be it further

enacted, That in addition to powers which it may now have, any municipality shall have power under this Act:

"(1) To construct, acquire by gift, purchase, or the exercise of the right of eminent domain, reconstruct, improve, better or extend any public works, within or without the municipality, or partially within or partially without the municipality, and to acquire by gift, purchase, or the exercise of the right of eminent domain, lands or rights in land or water rights in connection therewith.

"(2) To operate and maintain any public works for its own use or for the use and benefit of its inhabitants and also to operate and maintain such public works for the use and benefit of persons, firms, and corporations (including municipal corporations and inhabitants thereof) whose residence or places of business are (or which are) located outside the territorial boundaries of such municipality but within the State and within a radius of ten miles from the territorial boundaries of such municipality."

Paragraph (2) above was amended by Chapter 230, section 2, Public Acts 1937, so as to strike out the words appearing at the end of subsection (2), "and within a radius of ten miles from the territorial boundaries of such municipality."

The authority thus conferred on incorporated cities and towns, under Chapter 33, Public Acts 1935, Ex. Sess., as amended by Chapter 230, Public Acts 1937, is to acquire by purchase, or to construct, public works, which specifically embraces electric light or power works, either "within or without the municipality or partially within or partially without the municipality." The provision that such works were limited to a distance of ten miles from the corporate limits of such cities or towns

was removed by the amendment of 1937, above referred to. The powers thus conferred are to be construed in harmony with Chapter 3 and Chapter 4, Public Acts 1935, Ex. Sess., authorizing the creation of Rural Electrification Authority and Electric Power Districts, respectively.

Pursuant to the authority of Chapter 33, Public Acts 1935, Ex. Sess., the incorporated town of Winchester proceeded to set up a municipal power board and to purchase the franchise and properties of the Tennessee Utilities Corporation. It is met by the objection of Franklin County that the town, as the successor of the Stone Fort Power Company, is bound to furnish free electric power to the county court house. But, the town succeeded to a part only of the franchise granted the Stone Fort Power Company. That part was within the "Winchester Area." The balance of the franchise and properties of the Tennessee Utilities Corporation was sold and assigned to the Duck River Electric Membership Corporation and the Quarterly County Court then proceeded to grant a franchise to that corporation to construct and maintain electric transmission lines over the public roads and streets in the county. After having granted an all inclusive franchise to the Duck River Electric Membership Corporation, the county is here insisting that Winchester must furnish free electric current to the court house as assignee in part of the original franchise granted the Stone Fort Power Company.

The question of whether or not the franchise granted by the resolution of July, 1914, of the Quarterly Court, to the Stone Fort Power Company, or by the resolution of July, 1935, to the Duck River Electric Membership Corporation, were exclusive, or otherwise, is immaterial to a decision of this case, because the Town

of Winchester needed no franchise from the county to acquire and maintain its electric distribution system. Such authority was conferred by Chapter 33, Public Acts 1935, Ex. Sess. This statute contains no provision under which the Town could be required to furnish power free of charge to the court house.

The legislature can discharge any obligation created by its agents in favor of the State or its creatures, but can not impair any of the constitutional rights of third parties. *City of Knoxville* v. *State ex rel. Hayward*, 175 Tenn., 159, 168, 133 S. W. (2d) 465. So, if it could be maintained that Franklin County continued to have the right to demand of the Stone Fort Power Company and its successors free electric power to the court house (after having subsequently granted a franchise to the Duck River Electric Membership Corporation without stipulation for such free power) nevertheless, the State had the constitutional right to discharge such demand.

Our conclusion is that the assignments of error are without merit, and the decree of the chancellor must be affirmed. The complainant has offered in its bill to compensate defendant for the use of the small portion of the highways outside the corporate limits. There was no obligation on the part of complainant to make such an offer, but having made it, and the chancellor having ordered a reference to ascertain reasonable compensation, the cause will be remanded for further proceedings on the reference.